IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TINA M. FAKE,

        Petitioner,

v.                               CIVIL ACTION NO. 2:09cv141
                                   (Judge Maxwell)

**WARDEN,**

        Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On November 20, 2009, the *pro se* petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241. The petitioner is an inmate at U.S.P. Hazelton which is located in Bruceton Mills, West Virginia. The petitioner challenges the validity of her conviction. This matter is pending before me for an initial review and Report and Recommendation pursuant to LR PL P 83.09.

### II. FACTS

On April 20, 2006, the petitioner pleaded guilty in the United States District Court for the Middle District of Pennsylvania to a two-count indictment charging her with Health Care Fraud Resulting in Serious Bodily injury in violation of 18 U.S.C. § 1347 and Criminal Forfeiture pursuant to 18 U.S.C. § 982(a)(7) and 28 U.S.C. § 2461(c). On February 27, 2007, the petitioner was sentenced to 137 months' imprisonment and ordered to pay restitution in the amount of $236, 853.21.

On November 1, 2007, the petitioner filed a Motion to Vacate under 28 U.S.C. § 2255 in which she raised a number of claims. First, she claimed that the Government failed to prove that she owed restitution in the amount of $236,853.21. She also challenged the applicability of sentence adjustments

which increased her advisory Sentencing Guidelines range. In addition she presented claims concerning her Pre-Sentence Report ("PSI"), objecting to much of the factual summary. Finally, she claimed that her guilty plea was unlawfully induced because she was heavily medicated at sentencing, resulting in a guilty plea despite her innocence. On May 8, 2009, the petitioner's Motion to Vacate was denied, and as well, she was denied a certificate of appealability. On June 4, 2008, the petitioner filed a Notice of Appeal, and on November 21, 2008, the United States Court of Appeals for the Third Circuit denied her request for a certificate of appealability.[1] The petitioner now attacks the validity of her conviction via this §2241 petition in which she raises five claims: (1) she was denied her 6th Amendment right to assistance of counsel because she was highly medicated on psychotropic and antipsychotic drugs which rendered her incapable to assist in her defense; (2) her guilty plea was unknowing and unintelligent because of being medicated; (3) the government withheld evidence in violation of Brady v. Maryland; (4) there was insufficient evidence to support her guilty plea; and (5) trial counsel was ineffective.

### III. ANALYSIS

Except as discussed below, a motion filed under §2241 necessarily must pertain to "an applicant's commitment or detention," rather than the imposition of a sentence. Compare 28 U.S.C. § 2242 (§2241 application for writ of habeas corpus must allege facts concerning the applicant's commitment or detention) and 28 U.S.C. §2255 (motions to vacate a sentence brought under §2255 are collateral attacks upon the imposition of a prisoner's sentence). Because the petitioner herein is apparently seeking to have her conviction vacated, she is seeking §2255 relief not §2241 relief. See In re Jones, 226 F.3d 328 (4th Cir. 2000).

---

[1] Information regarding the petitioner's criminal conviction and collateral attack is available on PACER by accessing Case Number 1:CR-05-00426-WWC-1.

However, despite the fact that a § 2255 petition is the proper vehicle for challenging a conviction or the imposition of a sentence, § 2241 may be used by a federal prisoner to challenge the legality of her conviction or sentence if she can satisfy the mandates of what is known as the Section 2255 "savings clause." See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001). The savings clause provides that a prisoner may file a writ of habeas corpus if a remedy through a § 2255 motion is "inadequate or ineffective to test the legality of his detention." See 28 U.S..C. § 2255. The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). It is well established that "in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2001). Furthermore, § 2255 is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under the section is time-barred. United States v. Laurie, 207 F.3d 1075, 1077 (8th Cir. 2000).

The Fourth Circuit has examined the prerequisites for finding that §2255 is an inadequate or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit concluded that

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.[2]

---

[2] The "gatekeeping" requirements provide that an individual may only file a second or successive §2255 motion if the claim sought to be raised presents:
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder

Id. at 333-34.

Although the petitioner has not raised the savings clause, it is clear that she is not entitled to its application. In the instant case, even if the petitioner satisfied the first and the third elements of Jones, violation of 18 U.S.C. § 1347 remains a criminal offense, and therefore the petitioner cannot satisfy the second element of Jones. Consequently, the petitioner has not demonstrated that §2255 is an inadequate or ineffective remedy, and she has improperly filed a §2241 petition.

## IV. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition be **DENIED and DISMISSED WITH PREJUDICE**.

Any party may file, within fourteen (14) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on

---

would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
28 U.S.C. § 2255; see Jones, 226 F.3d at 330.

the docket sheet.

DATED: 1-7-10

                                                             /s/ David J. Joel  
DAVID J. JOEL  
UNITED STATES MAGISTRATE JUDGE