**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**TINA M. FAKE,**

        **Petitioner,**

v.                                     **Civil Action No.:  2:09 CV 141**
                                                    **(Maxwell)**

**WARDEN,**

        **Respondent.**

## ORDER

On November 20, 2009, *pro se* petitioner Tina M. Fake instituted the above-styled civil action by filing an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. This case was referred to United States Magistrate Judge David J. Joel in accordance with Rule 83.09 of the Local Rules of Prisoner Litigation Procedure.

On January 7, 2010, Magistrate Judge Joel entered a Report and Recommendation wherein he recommended that the petitioner's Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 be denied and dismissed with prejudice. See Doc. 8. Specifically, Magistrate Judge Joel found that, because the petitioner is seeking to have her conviction vacated, she is seeking § 2255 relief and not § 2241 relief and that the petitioner has failed to demonstrate that § 2255 is an inadequate or ineffective remedy and is, thus, not entitled to application of the § 2255 "savings clause."

In his Report and Recommendation, Magistrate Judge Joel provided the parties with fourteen days from the date of service of said Report and Recommendation in which to file objections thereto and advised the parties that a failure to timely file objections would result in the waiver of their right to appeal from a judgment of this Court based upon said Report

and Recommendation.

The petitioner's Objections to Denial of § 2241 Petition were filed on February 4, 2010. See Doc. 10. Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the Magistrate Judge's findings to which objection is made. The Court is not, however, required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the findings or recommendation to which no objections are made. **Thomas v. Arn**, 474 U.S. 140, 150 (1985).

As previously noted, on February 4, 2010, the petitioner filed her Objections to Denial of § 2241 Petition. In her Objections, the petitioner merely reiterates the five claims for relief raised in her § 2241 Petition. For that reason, the Court finds that the issues raised by the petitioner in her Objections to Denial of § 2241 Petition were thoroughly considered by Magistrate Judge Joel in said Report and Recommendation. Accordingly, the Court, being of the opinion that Magistrate Judge Joel's Report and Recommendation accurately reflects the law applicable to the facts and circumstances before the Court in the above-styled action, it is

**ORDERED** that the Report and Recommendation entered by United States Magistrate Judge Joel on February 4, 2010 (Doc. 10), be, and the same is hereby, **ACCEPTED** and this civil action be disposed of in accordance with the recommendation of the Magistrate Judge. Accordingly, it is

**ORDERED** that the Petitioner's Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) be, and the same is hereby, **DENIED** and **DISMISSED WITH PREJUDICE**.

The docket in the above-styled civil action reflects that on April 2, 2010, the petitioner filed a Motion to Withdraw Guilty Plea Due to "Newly-Discovered-Evidence." See Doc. 11.

The United States Court of Appeals for the Fourth Circuit recently addressed the withdrawal of guilty pleas post-sentencing as follows:

> After a defendant has been sentenced, the district court has no authority to grant a motion to withdraw a guilty plea. Fed.R.Crim.P. 11(e); **United States v. Battle**, 499 F.3d 315, 319 (4th Cir. 2007). The only vehicles to challenge the validity of the plea after sentencing are by direct appeal or in a collateral attack. *Id*.

**United States v. Barnes**, 358 F.3d. Appx. 412, 414 (4th Cir. 2009). Because the petitioner was sentenced by the United States District Court for the Middle District of Pennsylvania on February 27, 2007, her plea may only be set aside on direct appeal or by a motion under 28 U.S.C. § 2255, and this Court lacks authority to grant the petitioner's Motion to Withdraw Guilty Plea Due to "Newly-Discovered-Evidence." Accordingly, it is

**ORDERED** that the petitioner's Motion to Withdraw Guilty Plea Due to "Newly-Discovered-Evidence" ( Doc. 11) be, and the same is hereby, **DENIED**. It is further

**ORDERED** that the Clerk of Court shall enter judgment for the respondent. It is further

**ORDERED** that, should the petitioner desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within sixty (60) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules

of Appellate Procedure. The $5.00 filing fee for the notice of appeal and the $450.00 docketing fee should also be submitted with the notice of appeal. In the alternative, at the time the notice of appeal is submitted, the petitioner may, in accordance with the provisions of Rule 24(a) of the Federal Rules of Appellate Procedure, seek leave to proceed *in forma pauperis* from the United States Court of Appeals for the Fourth Circuit.

The Clerk of Court is directed to transmit a copy of this Order to the *pro se* petitioner and to any counsel of record in the above-styled civil action.

**DATED**: August 2, 2010.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE